The Chief Justice
now delivered the unanimous opinion of the Court;—That the assignment by Joseph Parker to Joseph Lynn was not an assignment according to the act of assembly ( 1 State Laws 77.)but only a transfer of the equitable interest in the bond ; and that Joseph Lynn could not by virtue thereof maintain an action against the obligor in his own name. The bond was payable to Lestargette; and, although Parker might have released it, it could only at common law, be sued or assigned by the former, See Jenk, Cent. 221. ca. 75.
That Joseph Lynn, the defendant, only assigned his equitable interest in the bond to George Turner. It appears indeed manifestly by the previous assignment of Joseph Parker (which was equally known to Turner and to Lynn) that he had no other interest to assign. It is, therefore, the mere transfer of a chose in action; and, even if an action of covenant might have been brought by George Turner against Lynn on the word assigned; yet, no such action could be maintained against him by the present Plaintiffs, as Lynn's assignment is not made to George Turner and his assigns.
That the covenant implied by the word assigned, extends only to this, that the assignee should receive the money from the obligor to his own use; and, if the obligee should receive it, that then the assignor would be answerable over for it.
By the Court :—For these reasons, let judgment be entered for the Defendant.