### RANDOLPH *versus* COOK & ELLIS.

A suit cannot be legally commenced upon a promissory note, on the same day on which it becomes due.

That, suit is brought on a cause of action, before the same is past due, is available in error, even after appearance and judgment by *nil dicit*.

Assumpsit on a promissory note. The defendants in error sued out a *capias ad respondendum*, from the County Court of Tuskaloosa, against Randolph, on the day the note became due. At the appearance term, the plaintiff in error entered a formal appearance by attorney, and at the succeeding term, judgment by default, for want of a plea, was rendered against him.

The plaintiff prosecuted his writ of error to this Court, and the question raised, was, whether the objection was available in error, after appearance and plea.

STEWART, for Plaintiff in error—said, that in this case suit was brought on the note before it was due. It was made payable " one day after date." It was dated on the fifth day of the month, and on the sixth, suit was brought. The party was entitled to the whole of the sixth day to make payment.—3 *Starkie's Ev.* 1399—8 *Mass. Rep.* 453. It has been decided, that where a note was payable in sixty days,

the whole sixty days, the day of the date excluded, must expire before suit can be brought.---1 *Pickering,* 494—15 *Mass.* 193.    The debtor has the whole of the day on which the note becomes due, to pay in : the law will not notice fractions of days.    A day is a point, indivisible in law; and it must expire before suit can be brought.

ELLIS, *contra*—Said, he would waive the matter discussed by the counsel of the plaintiff in error, and put this case on a different footing.    The writ was issued on the 6th of June.    It was executed on the same day.    At June term, the defendant appeared, but filed no plea.    At the same time also, the plaintiffs filed his declaration.    The note was then due.    If the defendant intended to object to the premature issuance of the writ, then was the time ; but he did not object, either by craving oyer of the writ, and pleading in abatement, or in any other manner.    How does the counsel get at the writ.    It is mere process, to bring the party into Court; and no part of the record ; neither has it been brought before the Court by craving oyer.---See *Aik. Dig.* 278.    At the succeeding term of the Court below, judgment by *nil dicit,* was given against the defendant, who is now plaintiff in error.    Having appeared at the first term, and having altogether failed to plead, it was a waiver of the objection now brought forward.

It will be seen, by reference to the Almanac, that the June term of the Court commenced on the 11th of June.    The note was then due.    The objection here made could have been taken advantage of by plea in abatement, which defeats the action for the time, but does not bar it finally.    And here there is no pretence that the action should be finally barred.

See *Nabors* vs. *Nabors*, page 162 of this volume: also, *Miner's* Rep. 92, 100, 102, 274, and 3d *Peters'* Rep. 459.

By Mr. Chief Justice SAFFOLD:

The action was assumpsit, brought by the defendants in error, on a promissory note drawn in their favor by Randolph. The note bears date on the 5th June. 1832; is payable one day after date, and the writ was issued and served on the 6th of the same month. The declaration contains one count only, which is on the note in the usual form, and is captioned as of June Term of the County Court, 1832, this being the return term. At the same term, T. J. Abbott, Esq. an attorney of this Court, entered a formal appearance for the defendant, on the Appearance book, in the manner prescribed by the rule of Court for entering appearances of record; but no plea appears to have been filed. At the succeeding December term, the record states, that the parties came, by their attorneys; and for want of a plea, judgment was rendered by default; to reverse which the defendant below, prosecutes this writ of error.

He assigns, as ground of error, that no cause of action is shown in the plaintiff's declaration, in as much as the note declared on was not past due when the action was brought.

The plaintiff in error insists that he had the whole of the 6th of June to pay the note, and that no action could legally be brought till the 7th, fractions of days not being recognised by the law. This position is not contested by the counsel for the defendant in error; therefore, it is unnecessary to examine it. But admitting the principle, that the suit was prematurely brought, it is insisted that advantage could

only have been taken of it, on, or previous to the trial below, and that the objection has been waived.— This is the only question necessary to be considered.

A rule, which appears to be well sustained by numerous authorities, and salutary in principle, is, that matter merely abateable, where the defendant has had legal notice of the process, must be taken advantage of by plea; else the objection is considered to have been waived. This, I understand to be the rule which has uniformly prevailed in this Court, and that it holds equally, whether the abateable matter be *apparent on the writ*, or arise from *extrinsic* circumstances. If there be a *misnomer* of plaintiff or defendant, the process having been duly served on the true defendant, and a good declaration filed, for a cause of action corresponding with that indicated by the writ, the exception can only be taken by plea, within the time allowed for pleading. An objection to the service of the writ, whether it relate to the officer making it, or the time or manner of execution, has uniformly been considered to be waived by the regular appearance of the defendant, and suffering a judgment by *nil dicit*, or by pleading to the merits of the action. Even a judgment by default, where there has been due service of the writ, and there is no error apparent on the record, is an admission of the cause of action as alleged in the declaration. The premature commencement of this suit, is the only objection to it. After having been regularly served with the writ, the defendant, by his attorney, entered his formal appearance at the return term, and at the trial term, suffered judgment by default. I have no hesitation in saying, that in cases where the record does not disclose the fact that the suit has been prematurely commenced, the exception is allowable on

motion to exclude the evidence : in such cases this would be the only means of defence.

But in a case like the present, is the objection available in error, when not earlier claimed. I will notice some authorities applicable to the principle. In *Wood* vs. *Newton*,[a] the action was *indebitatus assumpsit*, for the use and occupation of land. The defendant pleaded a tender on a particular day. The plaintiff replied, that the day of the tender was after the suing out of his *latitat*. The defendant rejoined, that the *latitat* was sued out before the cause of action accrued, as, anterior to its date, he had never assumed to pay, &c. To this the plaintiff filed a general demurrer. The Court sustained the rejoinder, holding that the issuance of the *latitat* was the commencement of the suit ; and that as the demurrer admitted this to have been anterior to the cause of action, no recovery could be had thereon. This principle is quite clear : for there, though the declaration did not shew the objection, it fully appeared from the replication, rejoinder, and demurrer, the regular pleadings in the cause, that no right of action existed at the institution of the suit; and as the objection did not appear in the declaration, or the *latitat*, there was no waiver of it by pleading to the merits.

In *Lowry* vs. *Lawrence*,[a] the suit was on a bill of exchange, presented for acceptance on the 1st October, 1801, and refused, of which notice was given to the defendant, who, on the 11th October, promised payment. The declaration was captioned of *July Term*, 1801, and shewed on its face, that the cause of action did not arise until the *October* following. On special demurrer for this cause, the Court held the action not sustainable, because it appeared from the declaration, that when it was filed, which, by law,

*1 Wils. R. 141*

*1 Caine's, 69.*

must have been subsequent to the institution of the suit, he had no cause of action.

In *Cheatham* versus *Lewis*,[a] the fact, that the suit, which was for a *libel*, had been prematurely commenced, also fully appeared on the face of the declaration : for this, there was a general demurrer, which was sustained. In both these latter cases, it was held that the suing out the writ was the commencement of the action ; that the writ must precede the declaration, and if it appear that the cause of action had not accrued when the suit was commenced, the objection is available on demurrer. In the latter case, it is said to be equally so, in *arrest* of judgment, or *in error.* The Courts also use the general expression, that if the objection appear of *record*, it is available by either mode of exception.

The only difficulty I have felt in this case has been to determine, whether the appearance of the defendant, and the judgment by default did not cure, or constitute a waiver of the objection. In reference to this principle, respectable authority has maintained, that a judgment by *default* cures only such defects in the declaration as would have been aided by a *general demurrer*[b]—that the effect of a demurrer to the pleadings is, that it reaches back through the whole record, and attaches ultimately upon the first substantial defect in the *pleadings*, on which ever side it may have occurred.[b] It is also said that the objection, "that the right of action had not accrued at the commencement of the suit, *may* be pleaded in *abatement ;* as where an action on a contract is commenced before the time appointed for the performace;" but that this plea is seldom necessary ; because, if the defect appear upon the face of the declaration, it is fatal on demurrer ; and if not it may generally be ta-

*[a] 3 John. R. 42.*

*[b] Gould's Pl. ch. 10, § 26.*

*[c] Id. c. 9, sec. 36.*

ᵃGould's Pl. c. 5, s. 137, '8.

ken advantage of on the trial.ᵃ The remarks of Judge *Gould* do not fully embrace the particular point under consideration; where, the defect does not appear in the declaration without reference to the *capias ad respondendum*, but appears from the latter; and where there is no plea to the merits, nor any exception taken in the Court below. It is clear, however, that the issuance of the *capias*, with us, is the commencement of the suit. From the other authorities to which I have referred, it appears, that if the defect appear from the pleadings, and has not been waived by the defendant's plea, it is available in error; nor do those cases limit the inspection of the revising tribunal to the *pleadings* in their technical acceptation, but seem to consider the objection fatal, if it appear in any part of the *record*, and to regard the process by which the suit is commenced as matter of record, for ascertaining the time.

ᵇ Doug. 61.

Several other early English cases are to the same effect. In *Ward* vs. *Honeywood*,ᵇ it appeared from the *plaint* that suit was commenced before the maturity of the note, which was the cause of action. The Court of *King's Bench*, held, that the *plaint* was to be considered as the original and commencement of the action, and the defect thus appearing of *record*, the exception was available in error. There are various other decisions to the same effect.ᶜ Hence I conclude, that the judgment must be reversed.

ᶜ1 Comyn's D. 214, E—2 id. E, 3.

By Mr. Justice THORNTON:

This was an action brought upon a promissory note, which, by the declaration appears to have been made payable to the plaintiffs, one day after its date; and the writ bears date on the day after the date of the said note—before, as is conceded, the same was past

due. At the return term of this writ, the defendant, by his attorney, entered his appearance; but failing to plead, at the trial term, a judgment by default final, or, more properly, of *nil dicit*, was taken against him. The case is brought up by writ of error, and the assignment presents the question, whether the fact of the writ being issued before the cause of action had accrued, is, under the circumstances, available in error. It is an axiom of the Common Law, that no action can be commenced against a party, before any cause for such action exists. That the action commences with the *capias* writ, in this country, is equally incontrovertible; as also, that this *capias* is a part of the record of the suit. Hence the validity of a tender, when pleaded, is tested by the fact of its being made anterior, or not to the impetration of the writ, the test of which by our statute, is not of the preceding term, but the true date of its actual signature by the clerk. So the statute of limitations, and sets-off, when plead in bar, are available or not, according as it may appear from the test of the writ, that the time had elapsed, or the set-off had been acquired, subsequent, or prior to that period of time. The ground assumed here, however, in support of the judgment below, is, as I apprehend it, that the commencement of the action before its cause had accrued, is such a defect as can be reached only by plea in abatement, and that, after appearance, if not objected to within the time prescribed for the taking advantage of abateable matter, the benefit of the defect is lost.

It is apparent to my mind, that this is not one of those irregularities, which an appearance of the party merely, will cure. So far as the writ merely operates as a summons to appear at its return, the appearance being entered, its object is accomplished; and if to

bring the party into Court, were all that it is the office of a writ to do, then after appearance, it would be wholly immaterial whether there were any writ at all, or not; or what defects there might be in it. But this is not the sole office of our original writ of *capias,* and hence we see that a distinction obtains, as to defences proper to the form of the writ, and to the action of the writ; the former of which must be taken advantage of within a limited period, by plea, or are considered as waived; while the latter, though available in that mode, are now rarely so reached, because they are good on demurrer, or on motion, as in case of a non-suit at the trial, &c.[a] Some perplexity has been introduced into this head of our law, by adverting to the English authorities, without bearing in mind, that as a general rule, the filing of the declaration in that country is the commencement of the action, and not the issuing of the writ. When, however, even there, the writ precedes the declaration, and is the foundation and commencement of the suit, it is held fatal in error, even after verdict, to issue it before the cause of action existed. For the English doctrine on this head, see *Doug.* 61, 62; 1 *Wils.* 147; *Bac. Pl. B.* 51; 1 *Strange,* 21, &c.

In *Dunlap's Practice,* vol 1, page 120, which is an American work, the doctrine as declared from American decisions, is thus laid down: "The issuing of the *capias* is the commencement of the action, and the plaintiff, in order to maintain his suit, must have a cause of action at the time of issuing it: and if it appear on the face of the proceedings, to have been prematurely brought, it will be fatal on demurrer, or in arrest of judgment, or on writ of error." I feel assured that this is the doctrine of the Common Law, and it must be remembered, that our statute of *Jeo-*

[a] 1 Chit. Plea. last Am. ed'n, 457, 483. Gould'sPlead-270, 289, 27.

*fail* and amendments, do not reach substantial defects of this character. The broadest of them, only pro- [2Aik. Dig.266.] tects, after verdict or judgment, against all defects on the face of the pleadings, not previously objected to; provided the declaration contains a substantial cause of action, and a material issue has been tried thereon. This statute cannot affect the case; for, in the first place, this defect is not in the pleadings, but in the writ, which is no part of them; and besides, there has been no issue tried, but only a judgment by *nil dicit*.

It was urged in argument, by the counsel of the defendants in error, that as the party entered his appearace regularly, at the return term of the *capias*, and did not, afterwards, either by plea, or otherwise, object to the defect, he must now be held either to have voluntarily waived it; or if not, that his failure to use diligence in reaching it, must be visited by a denial of ulterior redress. The application of either of those principles to this case, would, as it seems to me, be entirely arbitrary; and if adopted, ought not only to extend to a case of failure to plead, or otherwise to raise the objection after appearance entered, but even to a case, where, after service of the process, no appearance is made; for the default is more inveterate in the latter instance, than in the former. So, they should be applied where, after service, with, or without an appearance, the record exhibits a case of a writ in debt, and a declaration in trespass; for here, too, the party might have appeared, or, after appearance, might have defeated the action in the Court below. I conclude, that however much force I might be inclined to allow to a plea to the merits, as constituting a waiver of this defect, I am clearly of opinion, that an

appearance alone, without more, should not deprive the party of his relief by writ of error.

Let the judgment be reversed.