SANDERS & HARRISON VS OCHILTREE.

*As to notes falling due on Sunday:*

1. Where a note, upon which days of grace are not allowed, is drawn on Saturday, payable one day after date, such note is payable on the Monday following, and suit thereon cannot be commenced on the day of the date of the note, on the ground that the day following is Sunday.
2. But this rule does not apply where a note falls due on a Sunday, subsequent to the next day after its date: as in such case, the day of payment is the day previous to that appointed for performance.

In error to the Circuit Court of Sumter.

This was an action of assumpsit, by the plaintiffs in error, upon a promissory note. The note was dated the thirteenth day of September, eighteen hundred and thirty-four, and was payable one day after the date. And the writ was tested the fifteenth September, eighteen hundred and thirty-four.

The defendant plead in abatement, that the writ was issued before the cause of action accrued; to which the plaintiff replied, taking issue to the country. And there was a verdict for the defendant.

It was here assigned in error, that the judgment was erroneous. And the question was raised, whether a note made payable one day after date, and dated upon Saturday, could be sued upon on the Monday following.

5 P.          10

*Peck*, for defendant in error.

The note is dated on Saturday, and due at one day. There are no fractions of a day in law. The defendant, therefore, was entitled to an entire legal day, to make payment.—*Randolph vs Cook and Ellis*—2 Porter, 286. Sunday is not a legal day—not a day on which money ought to be paid.—*Chitty* on Bills, 6 Am. from 6 Lon. Ed. 266.

By our statute, no worldly business, (works of necessity or charity excepted,) can be done on a Sunday, under a penalty of twenty dollars.—Digest, 439. Sales of goods on a Sunday, in the ordinary course of trade, are absolutely void. And if this note is to be considered as due on Sunday, then, I think, I may with no want of authorities, insist that it is a void note. If an act is forbidden by statute under a penalty, a contract to do it is void.—1 Randolph's Rep. 76. The payment of money, in the ordinary course of business, on a Sunday, is a worldly act, and is therefore forbidden by our statute. "*Die autem dominico nemo mercaturam facito, id quod si egerit, et ipsa merce et triginta praetera solidis mulctator.*"—1 Root. 474.

An award published on Sunday is void.—*Story vs Elliott*, 8 Cowen, 27.

In judicial proceedings, if a plea be demanded on a Saturday, the defendant has twenty four hours to plead, after the demand of plea, exclusive of Sunday.—Petersdorf's Abr. vol. 14, 760, note—also vol. 13, 437. *Solomons vs Freeman*, 4. T. R. 557.

By parity of reasoning, ought not the defendant to have one whole day, exclusive of Sunday, to pay this note—if so, then the action was brought before

the note was past due; and cannot therefore be sus-
tained.

HOPKINS, C. J.—The question presented by
the assignment of error in this case is, whether a
note for the payment of money which was execu-
ted on a Saturday, and payable one day after date,
was due on the day of its date, or on the next Mon-
day afterward. The note is not one, upon which
days of grace are allowed. Neither party inten-
ded that the money should be paid on the day the
note was made. The promise made by one party
and accepted by the other, was to be performed the
next day, and that day was a Sunday, on which it
was not lawful to comply with the promise, or to
accept the fulfilment of it. To decide that the
money was due on the day of the date of the note,
would be to allow an effect to the contract against
the clear intention of the parties.

We are of opinion therefore, that the day for per-
formance, was the first one after that of the date of
the note, upon which the money could have been
paid, without a violation of the intention of the par-
ties, or of the law of the land. That day was the
next Monday after the date of the note.

In the case of *Avery vs Stewart*,* a majority of
the Court, determined that a note, payable within
sixty days from the date, was due on the sixty-first
day after the date of the note, because the sixtieth
day was a Sunday. We concur in the opinion of
the minority of the Court in that case.

Where a contract is to be performed within or at
a stipulated time, or a specified number of days af-

*2 Conn. R. 69.

ter date, and the day fixed for performance, is not the next day after the date and happens to be a Sunday, the contract ought to be performed the day before. This qualification of the rule, applied to this case, contains the principle applicable to negotiable instruments, and by the admission of it, the operation of the law will be uniform.

When the last of the three days of grace, allowed on negotiable instruments, is one on which it is unlawful to demand or make a payment, the day for performance is the second day of grace. Where there is any lawful day for performance, contracts ought to be performed within the time limited.

As the action in this case, was commenced on the day the note was due, it was brought before the cause of action accrued.

The judgment is affirmed.