STEWART *vs.* GOODE & ULRICK.

[ACTION ON PROMISSORY NOTE—JUDGMENT BY NIL DICIT.]

1. *Amendment of complaint.*—An amendment of the complaint, by a change of parties plaintiff, is not revisable on error, when the defendant was present in the court below, and there raised no objection to the amendment.

2. *Waiver of defects in complaint.*—When the judgment is by *nil dicit*, and the complaint shows a substantial cause of action, advantage cannot be taken on error of defects to which no objection was taken in the court below, though they might have been available on demurrer.—Code, § 2405.

3. *Judgment by nil dicit.*—When the defendant appears by attorney, and does not plead, judgment by *nil dicit* is proper.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by O. Mazange, doing business under the name and style of O. Mazange & Co., who sued for the use of Goode & Ulrick ; and was founded on the defendant's promissory note for $429, dated August 15, 1854, and payable on the 1st February, 1855, to the order of O. Mazange & Co., and negotiable and payable at the Bank of Mobile. The defendant accepted service. The judgment entry is in these words : " This day came the parties, by their attorneys, and the plaintiff made satisfactory proof to the court that the service of the complaint and summons was accepted by the defendant ; and on motion of the plaintiff's counsel, leave is granted by the court to amend the complaint, so as to make the plaintiffs Goode & Ulrick, to whom the note sued on was transferred ; and the defendant saying nothing in bar to the plaintiff's action, it is therefore considered by the court, that the plaintiff have and recover," &c., the amount of the note and interest. An amended complaint is copied in the record, which is in the name of Goode & Ulrick as plaintiffs, and which alleges that the note sued on was endorsed by O. Mazange to Goode & Ulrick.

The errors now assigned are as follows :—" 1. The court erred in allowing an amendment to be filed, making Goode

& Ulrick plaintiffs instead of O. Mazange & Co. 2. In allowing the assignee of the note to sue in his own name on an assignment made after the action was brought. 3. In rendering judgment immediately on the filing of a new complaint, in favor of a new party, without allowing time to plead. 4. In allowing the amendment without any notice to the defendant. 5. In allowing judgment without calling the defendant and recording a default. 6. The complaint is insufficient, because it does not allege that the note is 'still unpaid,' as required by the forms given in the Code. 7. The complaint does not show that the plaintiff had any cause of action when the suit was commenced, while the summons stands as it was when issued, and the plaintiffs therein not changed."

GEO. N. STEWART, for the appellant.

WILLIAM BOYLES, *contra*.

WALKER, J.—The defendant was brought into court by an acknowledgment of service, which was proved. The judgment entry recites, that the parties came by their attorneys ; thus showing, that the defendant was not only served with process, but actually came into court. The defendant cannot be permitted to revise the action of the court below in allowing the amendment of the complaint, when he was actually before the court in which the amendment was made, made no objection, and now for the first time questions the correctness of the ruling of the court in reference to the amendment.—Bryan v. Wilson, 27 Ala. 214.

The complaint shows a substantial cause of action ; and although the defects attributed to it by the appellant might have been available on demurrer, advantage cannot be taken of them in this court, when no objection was in any way taken in the court below. The law has been so settled by a previous decision of this court, declaring the effect of section 2405 of the Code.—Blount v. McNeill, at this term.

As the defendant appeared by his attorney, and did not plead, the judgment was properly by *nil dicit*.—Comyn's Digest, vol. 6, 147.

The judgment of the court below is affirmed.