Steamboat Farmer v. McCraw.

---

## STEAMBOAT FARMER vs. McCRAW.

[ATTACHMENT AGAINST STEAMBOAT FOR DAMAGES CAUSED BY COLLISION.]

1. *Constitutionality of statute giving attachment against steamboat.*—The act of January 17, 1844, (Session Acts 1843–4, p. 98,) giving a remedy by attachment against a steamboat, in the nature of a proceeding in admiralty, for damages caused by a collision, is not violative of any provision of the constitution of this State or of the United States.

2. *Former recovery and satisfaction.*—A recovery by a common carrier, for an injury to goods while in his possession, with satisfaction thereof, is a bar to an action by the owner of the goods for the same injury, provided the action of the carrier was commenced before that of the owner.

3. *Demurrer to plea.*—Where the sufficiency of a plea in bar depends upon the day on which the suit was commenced, and neither the plea nor the declaration shows the day, the court cannot, on demurrer, look to the teste of the writ.

4. *Competency of witness governed by what law.*—In a suit which was commenced before the adoption of the Code, the competency of witnesses is to be determined by the former law.

5. *Competency of part owner as witness for co-owner.*—In a statutory action against a steamboat, under the act of 1844, one of the part owners of the boat having intervened to defend, another part owner, who also joined in the replevy bond, is not a competent witness for the defendant.

6. *Waiver of objection to attachment and discontinuance.*—After a party, who has been allowed to intervene as defendant, has filed the plea of not guilty to the amended declaration, it is too late for him to move to quash the attachment by which the suit was commenced, or to dismiss the proceeding on account of a discontinuance.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. A. B. MOORE.

THIS action was commenced in May, 1852, by attachment against the steamboat *Farmer*, at the suit of Abner G. McCraw, to recover damages for injuries done to seventy-eight bales of cotton, belonging to plaintiff, by a collision between said steamboat and a flat-boat on which said cotton was shipped. At the fall term, 1852, the plaintiff filed a declaration against Edward F. Shields, Jacob B. Walker, and Daniel Walker, as owners of the steamboat; but this court, on appeal, at its January term, 1855, held that the declaration ought to have been against the boat itself; and for this error, with others, the judgment was reversed, and the cause remanded.—See 26 Ala. 189.

After the remandment of the cause, the original declaration was struck from the files, on motion of said Shields, J. B. and Daniel Walker, and an amended declaration filed against the steamboat itself. Said Shields and the Walkers then moved the court "for judgment in their favor, against the plaintiff, for the costs incurred by them in defending the suit;" which motion the court refused then to decide, "but continued, to be considered on the taxation of costs;" and the said parties excepted. Moses Waring, Joseph T. Hunter and Stephen Twelves "then moved the court to quash the replevy bond executed by them, with said Edward F. Shields, Jacob B. Walker and Daniel Walker, on the ground that said bond does not conform to the statute under which the attachment was

issued;" which motion the court refused, and they excepted.

At the same term, John S. Glidden intervened as one of the owners of the boat, was admitted to defend, interposed the plea of not guilty, and moved the court to quash the attachment, on the following grounds: "1st, because the plaintiff failed to give the bond required by the statute under which the attachment issued;" and, "2d, because there was no appraisement of the boat and her appurtenances, as required by the statute." He also moved the court to dismiss the attachment, "on the ground that there has been a discontinuance of the suit against the boat, by prosecuting the suit against other parties not now before the court, and failing to declare against the boat, or otherwise proceeding against her." The court overruled each of these motions, and said Glidden excepted to its rulings.

The record nowhere shows at what term of the court any of the proceedings above stated were had; said proceedings being all stated in a single minute entry, which ends with a continuance of the cause.

At the spring term, 1855, Glidden filed his answer and claim on behalf of the boat, and interposed four pleas. The first plea was, "not guilty, in short by consent;" and the others, which, with some immaterial discrepancies, were substantially the same, set up a former recovery and satisfaction in an action instituted by the owners of the flat-boat on which plaintiff's cotton was at the time of the collision with the steamboat. A demurrer was interposed, in short by consent, to each of these special pleas, and sustained by the court; aad a trial was then had on issue joined on the plea of not guilty.

On the trial, as appears from the bill of exceptions, "the defendant offered one E. F. Shields as a witness; to whom the plaintiff objected, on the ground that he was one of the makers of a bond, given at the time the attachment was levied, for the purposes specified therein. The object of said bond, as shown, was to replevy said steamboat, which was given up to the obligors, or some of them, on the execution of said bond. These facts appearing,

the court ruled, that said Shields was not a competent witness for the defendant, and refused to let him testify; to which said defendant excepted."

All the rulings of the court above stated are now assigned as error.

WM. M. BYRD, for appellants, made these points:

1. The act of 1844, under which this proceeding was instituted, is unconstitutional, being violative of those provisions which confer jurisdiction on the Federal courts. The Federal courts have exclusive jurisdiction over admiralty and maritime causes.—Genessee Chief v. Fitzhugh, 12 Howard, 443; Navigation Co. v. Merchants' Bank, 6 Howard, 344; Waring v. Clarke, 5 Howard, 441; Cahons v. Virginia, 6 Wheaton, 392; Slocum v. Maberry, 2 Wheaton, 9; Gelston v. Hoyt, 3 Wheaton, 312; Maley v. Shattuck, 10 Wheaton, 488; 3 Cranch, 458; 2 Cranch, 64; 9 Wheaton, 362; 7 Amer. Jur. 70; 2 Peters' Adm. R. 74, app.; 2 Bro. Civ. & Adm. Law, 144; 2 Hagg. 7; 2 Gallison, 398, 466; 1 Mason, 96; 3 Mason, 503; Paine's R. 111; 3 Wheaton, 546. The act of 1844 confers admiralty jurisdiction on the circuit courts of this State, and does not even limit that jurisdiction to collisions which occur within the limits of the State.—3 Wheaton, 336; 10 Wheaton, 473; 3 Mason, 242. The Federal courts have jurisdiction of all admiralty causes arising on the high seas, bays, and tide-waters of the country.—Curt. Com. 53–4; 3 Story's Com. §§ 1657–67. Their jurisdiction also extends to all admiralty causes arising on the navigable rivers of the State.—Curt. Com. 33–54; Story's Com. §§ 1657–67; 9 Wheaton, 421; 4 Cranch, 443; 4 Wheaton, 438; 7 Peters, 324.

2. The motions to quash or dismiss the attachment were made at the earliest moment after Glidden had been allowed to intervene for the boat; and up to that time there was no one in court authorized to make the motion.

3. The court erred in sustaining the demurrer to the special pleas. The demurrer that was interposed questions only the sufficiency of the matters pleaded, and raises the question, whether a recovery by a common car-

rier, for an injury to the goods while in his possession, is a bar to an action by the owner of the goods.—Steamboat Farmer v. McCraw, 26 Ala. 189; Story on Bailments, §§ 94, 148, 585; Parsons on Contracts, 633; 1 Iowa Rep. 411; Binney v. Barnes, 17 Conn. 420; 9 Humph. 342; 4 Miss. 243; 2 Sm. & Mar. 535; 8 Porter, 349; 21 Ala. 482; 1 Greenl. Ev. § 522. It was not necessary to state in the pleas the time when the action was commenced. It would not have been necessary, in a plea in abatement, to set out the date of the attachment, because the court would take judicial notice of it. Will not the court take judicial notice of the date of the writ, where the plea is in bar, and presents a meritorious, defense?—Minor, 269; 2 Johns. 428; 2 Gill and J. 235; 2 Black. 178. This defect, moreover, if it be one, was only available on special demurrer, which, under the law existing when this action was commenced, had been abolished.—4 Porter, 348; 9 Johns. 314; 10 Ala. 313. Besides, the plea was in short by consent.—9 Porter, 145; 7 Ala. 791.

4. Shields was a competent witness for the defendants. The only ground of objection urged was, "that he was one of the makers of a bond given at the time the attachment was levied." Even if he is liable on the bond, he is a competent witness under the Code, because he could not make the verdict and judgment in this suit evidence for him in another suit. If the objection had been urged on the ground that he was shown by the recitals of the bond to be one of the part owners of the boat, it could have been disproved; and the recitals of the bond cannot now be looked to, to sustain the objection, which is unsupported by any other part of the record.

Jno. T. Morgan, contra.—1. The constitutionality of the statute, under which this action was instituted, is sustained by the decision of this court in Richardson v. Cleaveland, 5 Porter, 251, which has been acquiesced in in many other cases. The admiralty jurisdiction of the Federal courts extends only to vessels of over ten tons burthen navigating the seas or tide-waters.—Steamboat Orleans v. Forsyth, 11 Peters, 175.

2. The motions to quash and dismiss the attachment came too late.—Otis v. Thorn, 18 Ala. 395. The refusal to quash is not revisable on error.—Massey v. Walker, 8 Ala. 167; Ellison v. Mounts, 12 Ala. 472.

3. The special pleas, to which demurrers were sustained, were defective both in form and substance.

4. Shields was not a competent witness for the defendants, under the law which existed before the adoption of the Code.

RICE, C. J.—The case of Richardson v. Cleaveland, 5 Porter, 251, furnishes a complete answer to the argument here made for appellant against the constitutionality of the act of 17th January, 1844, under which the present suit was instituted. If the statutes passed upon in that case were constitutional, as we think they were correctly held to be, the act of 17th January, 1844, is also constitutional; and upon the authority of that case we hold the act last mentioned free from conflict, either with the constitution of this State, or of the United States.

A common carrier, who has received goods for the purpose of conveying them from one place to another, is not absolved from his liability to the owner, by the torts of third persons. Not only he, but also the owner, in virtue of his general ownership and right of possession, may maintain a suit against a stranger, for an injury to the goods. The general rule is, that either the bailor or the bailee may, in such a case, maintain a suit for redress; and a recovery and satisfaction by either may be pleaded in bar of any *subsequent* suit by the other, for the damages or loss from the same injury.—Story on Bailm. (5th ed.) § 94; Owners of Steamboat Farmer v. McCraw, 26 Ala. R. 189. But the suit by the general owner, for the injury to his goods, cannot be barred by a recovery and satisfaction by the bailee, in a suit commenced *after the suit* by the general owner. To impart to the recovery and satisfaction by the bailee the efficacy of a bar to the suit by the general owner, it is essential that the recovery and satisfaction be had in a suit commenced by the bailee *before* the commencement of the suit by the bailor.—Ren-

ner v. Marshal, 1 Wheaton, 216; Boune v. Joy, 9 Johns. 221; Morton v. Webb, 7 Vermont, 123; Combe v. Pitt, 3 Burrow, 1423; Haight v. Holley, 3 Wend. 258; Jenkins v. Pepoon, 2 Johns. Cases, 312; Everett v. Saltus, 15 Wend. 474; 1 Bacon's Abr. (edition of 1846,) 28, 30, 32; Drake v. Reddington, 9 New Hamp. Rep. 243; Nicolls v. Bastard, 2 Cromp., Mees. & Rosc. 659; Wood v. Newton, 1 Wilson's R. 141; Fishburn v. Saunders, 1 Nott & McCord, 242.

In the special pleas to which, in this case, demurrers were sustained, the day on which the suit by the bailee was commenced is stated; but the day on which the present suit was commenced is not stated; nor is there any averment that the suit by the bailee was commenced *before* the present suit was commenced; nor is there any fact stated in the declaration, or in either of those special pleas, from which the court can say that the suit by the bailee was commenced *before* the present suit was commenced. On demurrer to those pleas, the court cannot, *in aid of them*, look back to the date of the writ in this case, but must decide upon the matters appearing on the face of the declaration and the several pleas.—Roberts v. Burke, 6 Ala. R. 348. The demurrer does not admit more than is alleged in the declaration and pleas.—7 Bacon's Abr. (edition of 1846,) 662. And as they do not show, on their face, that the suit by the bailee was commenced *before* the present suit was commenced, each of the pleas to which a demurrer was sustained, was bad; and therefore there was no error in sustaining the demurrers to them, even if in other respects they were unobjectionable,—as to which we do not decide. If the defendant was not bound to *allege in his pleas* that the suit by the bailee was commenced *before* this suit was commenced, he would not have been bound to *prove that fact*, if the plaintiff had taken issue on the pleas. But it is very certain that he ought not to be relieved from proof of that fact. Even the date of the writ is not conclusive evidence of the time when the action was commenced.—1 Chitty's Pl. (edition of 1844,) 259 *a*, 260, *and notes*. And on a demurrer to pleas, the court cannot try matters of fact—for

43

instance, whether one suit was really commenced before another.—Mansel on Demurrer, 96.

When, as here, the suit was commenced before the Code, the law of force at the commencement of the suit, and not the Code, furnishes the rule for determining the competency of the witnesses.—Frankenheimer v. Slocum, 24 Ala. R. 373; Doe, *ex dem.* Kennedy, v. Reynolds, 27 *ib.* 364; Hiscox v. Hendree, *ib.* 216; Chaney v. The State, at this term. As the witness Shields, offered by the defendant, was one of the owners of the steamboat Farmer, and was directly interested in the event of this suit; and as his interest was against the plaintiff, (see Hunter v. McCraw, at this term,) there was no error in holding him to be an incompetent witness for the defendant.

*After* Glidden had been allowed to intervene as an owner of the said steamboat, and *had filed the plea of not guilty to the amended declaration,* it was too late for him to make the motion to quash the attachment, or to dismiss it.—Hazard v. Jordan, 12 Ala. R. 180 ; Byrd v. McDaniel, 26 *ib.* 582; Burt v. Parish, 9 *ib.* 211; Burroughs v. Wright, 3 *ib.* 43.

If it be conceded, that on this record, we can revise the action of the court below on the motion made at the term the amended declaration was filed, by Shields, Jacob and Daniel Walker, for judgment in their favor against the plaintiff for their costs in defending, and on the motion made at the same term by Waring, Hunter and Twelves to quash the replevy bond; our opinion is, that there was no error in that action.—See Hunter v. McCraw, at the present term.

No right to a reversal is shown; and the judgment of the court below must be affirmed.