Mahoney v. O'Leary.

## MAHONEY vs. O'LEARY.

| ACTION ON PROMISSORY NOTE BY PAYEE AGAINST MAKER.]

1. *When exception is necessary.*—The action of the circuit court, in striking out a plea in abatement as frivolous, cannot be revised on error, when no objection or exception was reserved to it.

2. *When premature commencement of action is not available on error.*—The premature commencement of an action, when not objected to in the court below, is not available on error, (Code, § 2405,) if the complaint contains a substantial cause of action.

APPEAL from the Circuit Court of Greene.
Tried before the Hon. WM. M. BROOKS.

THIS action was brought by Eugene O'Leary against
Patrick Mahoney, and was founded on the defendant's
promissory note for $457 30, dated the 27th February,
1858, and payable one day after date. The summons was
issued on the 1st March, 1858. At the return term, the
defendant. pleaded in abatement, on account of the pre-
mature commencement of the action, and also demurred
to the complaint on the same ground. The plea was
entitled of the spring term, 1858, and was duly sworn to
before the clerk on the 2d April; but the record does not
show that the time of filing was endorsed on it by the
clerk. The judgment of the court is as follows: "This
day came the parties, by their attorneys; and on motion
of the plaintiff, and it appearing to the court that the ·
plea filed by the defendant is frivolous, it is therefore
considered by the court, that the plea be struck out; and
the defendant failing to plead over, it is therefore consid-
ered by the court, that the plaintiff recover of the defend-
ant the sum of $460 for his damages," &c.

The errors assigned are—1st, the action of the court
in striking out the plea as frivolous; 2d, the rendition of
judgment against the defendant without allowing him a
trial on his plea; 3d, the rendition of judgment against
the defendant without disposing of his demurrer; and,
4th, the rendition of judgment for the plaintiff on the
facts disclosed by the record.

J. T. JONES, and S. F. HALE, for appellant.
J. D. WEBB, contra.

STONE, J.—It is settled in this State, that when a con-
tract for the payment of money, not entitled to grace, is
dated on Saturday, and is due one day after date, it is in law
due and payable on the Monday following; and a suit insti-
tuted on such contract on the Monday following, is pre-
maturely brought.—Randolph v. Cook & Ellis, 2 Porter,
286; Sanders v. Ochiltree, 5 Porter, 73. The note sued on

in this case bears date Feb. 27th, 1858, and was due one day afterwards. February 28th, 1858, was Sunday, and the suit was commenced on Monday, March 1st, 1858.

There is copied in this record a plea in abatement, setting forth the premature institution of the suit; which plea is unobjectionable in form. This plea was sworn to, within the time allowed for pleading; but the record contains no evidence that it was filed in time. The judgment entry bears date April 24th, 1858, and recites, "This day came the parties, by their attorneys; and on motion of the plaintiff, and it appearing to the court that the plea filed by the defendant is frivolous, it is therefore considered by the court, that the plea be struck out." We are now asked to affirm this judgment, because, it is said, the record furnishes no evidence that the plea was endorsed by the clerk when filed.—Code, § 2247.

We do not think this position sound. The record recites, that the plea was struck out as frivolous. This repels the inference that the court rejected the plea for want of the clerk's endorsement. The record, for this purpose, sufficiently shows that the plea in the record is the one upon which the court acted.—Reid v. Nash, 23 Ala. 733.

While it has been uniformly held, that the refusal of the court to strike out a plea is not revisable, because the party can resort to his demurrer, it has been conceded, that if a plea was improperly stricken out, such action could be reviewed in this court.—See Williams v. Hinkle, 15 Ala. 713–717, and authorities cited; Duncan v. Hargrove, 22 Ala. 150, 161. We think there exists good reason for the distinction.

In Stewart v. Goode, 29 Ala. 476, a question very like this was considered. The record in that case showed, that the primary court had permitted the complaint to be amended, in a particular which, it was here contended, should not have been allowed. The record disclosed the character of the amendment, and the action of the court upon it. There was no bill of exceptions. We there said, "The defendant cannot be permitted to revise the action of the court below in allowing the amendment of

the complaint, when he was actually before the court in which the amendment was made, made no objection, and now for the first time questions the correctness of the ruling of the court in reference to the amendment." See, also, Bryan v. Wilson, 27 Ala. 214.

In this case, the record recites, that the parties came, by their attorneys; and it does not appear that the defendant interposed any objection or exception to the ruling of the circuit court. We hold, that he cannot for the first time raise the objection in this court. We make this decision the more readily, because it is supported by the opinion pronounced in White v. Toncray, 9 Leigh, 347; and Swafford v. Whipple, 3 Iowa, 261. A different rule prevails when pleadings are pronounced defective on demurrer. This case, then, must be considered and disposed of, as if no plea in abatement had been interposed by the defendant.

We are aware that the question in the case of Randolph v. Cook, 2 Porter, *supra*, was presented on error, and without any plea filed. This court in that case consulted the writ; and, because its date showed the suit to have been prematurely brought, reversed the cause. That case was decided under the statute of 1824, (Clay's Digest, 322, § 53,) which enacts as follows: "No cause shall be reversed, arrested, or otherwise set aside, after verdict or judgment, for any matter on the face of the pleadings not previously objected to: *Provided*, the declaration contains a substantial cause of action, and a material issue be tried thereon."

To bring a case within the healing influence of this statute, the declaration must contain *a substantial cause of action*, and *a material issue* must be *tried thereon*. But one of these elements was found in the case of Randolph v. Cook, (2 Porter, 286,) and hence the statute did not apply. There was no issue tried on the declaration. It is true that the act of 1824 is not mentioned in the case of Randolph v. Cook. Any mention of that statute in that case would have been unnecessary, because the case was not within its influence.

The provisions of the Code, which must determine this

case, are much more liberal. Section 2405 declares, that "No judgment can be arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contain a substantial cause of action." The complaint in this case does contain a substantial cause of action. It has no date, but is headed, "Circuit court of Greene county, spring term, 1858." We judicially know, that the spring term of Greene circuit court did not sit until long after March 1, 1858.

It is true that the summons in this record bears date March 1; but, under the section of the Code above copied, we have no authority, the complaint being good, to *arrest, annul, or set aside* the judgment, for any matter not previously objected to. The principles declared above prohibit us from looking at the plea in abatement for any purpose; and hence we must hold, that the premature institution of this suit is a matter not previously objected to.—See Stewart v. Goode, *supra;* Blount v. McNeill, 29 Ala. 473; Steamboat Farmer v. McCraw, 31 Ala. 659.

This opinion is not opposed to any principle decided in Randolph v. Cook, *supra.*

The judgment of the circuit court is affirmed.