## DOUGLAS ET AL. *vs.* BEASLEY.

[ACTION ON PROMISSORY NOTE, BY ASSIGNEE AGAINST MAKER.]

1. *Sufficiency of complaint.*—In an action on a promissory note, by an assignee against the maker, the complaint must aver the assignment, or contain some other averment showing the plaintiff's ownership of the note; and the want of such an averment is a substantial defect, (Code, § 2405,) for which a judgment by default will be reversed on error. (BYRD, J., *dissenting.*)

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon. F. BUGBEE.

THIS action was brought by Joseph Beasley, against Charles Douglas and Elisha A. Hearne, and was commenced on the 15th December, 1863. The complaint was in the following words : " The plaintiff claims of the defendants twenty-seven hundred and fifty dollars, due by promissory note, made by them and one Mallett Douglas, on the 5th September, 1857, payable to Y. W. Graves, at the office of Rugeley, Blair & Co., New Orleans, La., on the 1st day of January, 1860, bearing interest from the date thereof; together with the interest thereon." Judgment by default was rendered against both of the defendants, at the fall term, 1865; and that judgment is now assigned as error.

GEO. W. STONE, and CHILTON & THORINGTON, for appellant.
CLEMENTS & WILLIAMSON, *contra.*

JUDGE, J.—In *Browder v. Gaston & Wellborn,* (30 Ala. 677,) this court held, that in an action on a promissory note, by the transferree against the maker, the complaint must aver the assignment, or contain some other allegation to show the plaintiff's ownership; that if this is omitted, the complaint is substantially defective; and that the defect is available on error, after judgment by default, notwithstanding section 2405 of the Code provides that "no judgment

Douglas et al. v. Beasley.

can be arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contain a substantial cause of action."

The correctness of this decision has been assailed in the argument of this cause, and we are asked to disregard it as authority. There are other decisions of this court, bearing upon the question; and without entering into a particular examination of them, I deem it only necessary to state, that I do not conceive any one of them to be materially in conflict with *Browder v. Gaston & Wellborn*. See *Blount v. McNeill*, 29 Ala. 473; *Stewart v. Goode & Ulrick*, 29 Ala. 476; *Mahoney v. O'Leary*, 34 Ala. 97.

If the main question decided in *Browder v. Gaston & Wellborn* was *res integra*, I might come to a different conclusion from the one attained therein by the court. But nine years have elapsed since that decision was made, and it was pronounced by an undivided court. It simply declares a rule of practice, not affecting the material rights of any party; it may be easily conformed to, and, in my opinion, should not now be disturbed. In the language of Chancellor Kent: "If a decision has been made upon solemn argument, and mature deliberation, the presumption is in favor of its correctness; and the community have a right to regard it as a just declaration or correct exposition of the law, and to regulate their actions and contracts by it. It would, therefore, be extremely inconvenient to the public, if precedents were not duly regarded, and implicitly followed. * * The language of Sir William Jones is exceedingly forcible on this point. 'No man,' says he, 'who is not a lawyer, would ever know how to act; and no man who is a lawyer, would, in many instances, know what to advise, unless courts were bound by authority as firmly as the pagan deities were supposed to be bound by the decrees of fate.'"—1 Kent's Com. 476.

I would not be understood as favoring the doctrine of *stare decisis*, to the extent indicated by Sir William Jones, in the quotation made from him by Chancellor Kent. The quotation, however, serves to illustrate the great value placed upon the doctrine by distinguished jurists.

On the authority of the case of *Browder v. Gaston &*

*Wellborn, supra,* the judgment of the circuit court is reversed, and the cause remanded.

A. J. WALKER, C. J.—The suit is here by another person than the payee of the note which is the subject of the suit, and there is no averment of title in the plaintiff. This complaint does not, according to the decision in the case of *Browder v. Gaston & Wellborn,* (30 Ala. 677,) contain a substantial cause of action ; and the judgment of the court below must be reversed, if that decision is not overruled. In my judgment, this case ought to have been reversed, upon the doctrine of *stare decisis,* without discussion. The correctness of the decision in *Browder v. Gaston & Wellborn, supra,* is assailed, and it is argued that it should be overruled. I think it contains a sound and correct exposition of the law, and it is meet that I should state the reasons for my approval of it.

The complaint in that case averred, that the note in suit was made payable to a certain person; and that person was not the complainant. It was not averred that the title to the note, or the right of action upon it, had ever passed out of the payee ; and nothing was shown from which such fact could be inferred. The court decided, (as I think it could not avoid deciding,) that the complaint did not show a substantial cause of action in the plaintiff, but, on the contrary, showed a cause of action remaining in the payee. It is contended that the assertion in the complaint that the plaintiff *claimed* the sum due on the note and interest, involves, or is equivalent to, an averment of property in the plaintiff; and that therefore the complaint really contained an allegation that the plaintiff was the owner of the note. The obvious import of the word "claims," in the connection in which it occurs, is that the plaintiff seeks to recover, or demands; and such, I think, is the general acceptation of the word. Besides, it is expressly decided in *Crimm v. Crawford,* (29 Ala. 623,) that the phrase "the plaintiff claims," in a complaint for the recovery of chattels in specie, does not imply an assertion of title, but that all averment of title in that action was dispensed with.—See, also, *George v. English,* 30 Ala. 582. The word *claims,* in

the prescribed forms, has therefore a construction established by a decision of this court, and that decision would be overruled by holding that it includes an averment of title.

Section 2228 teaches that complaints should conform substantially to the schedule of prescribed forms. An examination of those forms shows that, in every case where a note is sued upon by any other person than the payee, as well-as where an account is sued upon by a transferree, the title or property of the plaintiff is carefully stated. The decision in *Browder v. Gaston & Wellborn,* in holding an averment of property in the plaintiff necessary, is in strict conformity to the forms prescribed by the Code.

There is not the slightest conflict between the decision in *Browder v. Gaston & Wellborn,* and the decisions in *Stewart v. Goode & Ulrick,* (29 Ala. 476,) *Blount v. McNeill,* (*ib.* 473,) and *Mahoney v. O'Leary,* (34 Ala. 97.) The decisions are all made in reference to complaints which were in themselves unobjectionable. A defect in the cause of action could only be discovered by looking to the date of the commencement of suit. The complaints themselves contained a substantial cause of action. Section 2405 of the Code certainly designs to cure errors, when the complaint in itself contains a substantial cause of action; and as the complaints in those cases did contain substantial causes of action, error which could have been discovered by looking to the summons was cured after judgment by default. The complaint in *Browder v. Gaston & Wellborn* did not contain a cause of action, and the error could not be cured by section 2405 of the Code. There is no conflict. All the cases are harmonious, and all of them should, in my opinion, stand.

If farther reasons in support of my position are desired, I refer to the brief of the Hon. Geo. W. Stone, of counsel for the appellant, which contains an extended, and, in my judgment, unanswerable argument, in favor of the correctness of the decision in the case of *Browder v. Gaston & Wellborn.*

BYRD, J.—The only question raised on the record is, whether the court below erred in rendering judgment final

by default on the complaint. Every reasonable intend-
ment should be made in favor of the judgment.—*Letondal
v. Huguenin*, 26 Ala. 552. But if, after invoking the aid of
this long established and conservative rule, it is clear that
the judgment is erroneous, it should be so pronounced.
The solution of the question involves the interpretation
and construction of the following sections of the Code:
2161, 2165, 2227, 2228, 2234, 2129, 2402, and 2405; and
also the correctness and consistency of the following adju-
dications of this court: *Blount v. McNeill*, 29 Ala. 473;
*Stewart v. Goode & Ulrick, ib.* 476; *Browder v. Gaston &
Wellborn*, 30 Ala. 678; *Mahoney v. O'Leary*, 34 Ala. 98;
and *Crimm's Adm'r v. Crawford*, 29 Ala. 623.

By section 2234 of the Code, the complaint must in all
cases accompany the summons; and by section 2161, the
summons must be issued by the clerk, and be accompanied
by the complaint, signed by the plaintiff, or his attorney,
setting forth "the cause of action." The effect of these
two sections of the Code is, to make the summons and com-
plaint so far one instrument, that they must be construed
together; and this view is further sustained by section
2165, which requires the summons to be executed by the
officer, leaving "a copy of the summons and complaint"
with the defendant, and which fact he must return with the
process. The issuance of the summons is, therefore, the
date of the filing of the complaint, and must be so taken,
where nothing appears in the record to negative this pre-
sumption. Prior to the Code, the declaration was filed at
the return term of the *capias ad respondendum*. The Code
restored the common-law practice to the extent above
indicated. In this case, the record shows that the pro-
visions of sections 2161, 2165, and 2234, were complied
with.

Sections 2227 and 2228 furnish rules for pleadings, in
cases where no form is provided in the appendix to part
3d of the Code, and make any pleading which *substantially*
conforms to such forms, sufficient. What is meant by the
word "substantially," will hereafter appear. Now, if the
4th form in the Code, which is as follows—

"A. B., plaintiff, &#125; The plaintiff claims of the defend-
  vs. ant —— dollars, due by promissory
C. D., defendant. note made by him on the — day of
——, and payable the — day of ——, with interest.
         " E. F., attorney for plaintiff."
—sets forth a substantial cause of action in favor of the plaintiff, and against the defendant, it seems to me very clear that the complaint in this case, as shown in the record, "substantially conforms" to that, *which* is the *only one* given in the Code against the *maker* of a promissory note. If the word " *claims*," used in the forms, means anything, it is certainly that the right of action is in the plaintiff; and so it must signify in the 4th, 5th, 9th, and 14th forms given in the Code, (pp. 552-3,) and in all.

Section 2129 supports this view. It provides that a suit on such a note as is described in the complaint, " must be prosecuted in the name of the person really interested," and not of the person who has the legal title.—*Crook v. Douglass*, 35 Ala. 693. Certainly, the word " claims " has, at least, the effect of asserting that the plaintiff is the person really interested in the money due on the note; though, in the 9th form, it performs the higher office of an averment of title in the plaintiff to the chattels sued for.

What is the ordinary and legal definition of the word " claim?" Among the definitions given by Webster, are, " to ask or seek; to obtain by virtue of authority, right, or supposed right; to demand as due; *to be entitled to anything as a matter of right*; *a right to claim or demand; a title to any debt*, or privilege, or other thing, *in possession of another*." Bouvier (Law Dic., vol. 1, p. 233) defines it as follows: "A challenge of the ownership of a thing which a man has not in possession, and is wrongfully withheld by another."— Plowd. 359; 1 Dall. 444; 12 S. & R. 179. Burrill gives the following definition: "A challenge or *demand* by *any man* of the property or ownership of a thing, or *some interest* in it, which he has not *in possession*, but which is *withholden* from him wrongfully"; and as " a *demand* of some matter *as of right;* to do, or to forbear to do, some act or thing as a *matter of duty*."—16 Pet. R. 539-615; 4 Sandf. Ch. R. 38; 2 Comstock, 245-254. Mr. Jacob defines it as

" a challenge of interest in anything that is in the possession of another."

These definitions clearly show in what sense the word " claim " was used by the learned codifiers, in the forms referred to; that is, that thereby the plaintiff asserts in himself the ownership of, or the right to, the money due on the promissory note, which money he has not in possession, and which is wrongfully withheld by the defendant; or, when the suit is "for the recovery of chattels in specie", that the ownership of, or right to them, is in him, but the possession is wrongfully withheld by the defendant. The legal title to a promissory note may be in one person, but another may sue to recover the money due on it, if he is the person " really interested " in it, and he alone " must " sue.—Code, § 2129. As to the effect of the word *claim*, see the last paragraph of the opinion in the case of *Roberts v. Fleming*, 31 Ala. 683.

Section 2405 of the Code is as follows: "No judgment can be arrested, annulled, or set aside, for any *matter* not previously objected to, if the complaint contain a *substantial cause of action*." The meaning of the words "matter", "substantial", and "cause of action", must be ascertained, to understand this section, as also sections 2161, 2227, 2228, and 2402. Bouvier defines the word *"matter"* thus: "Some substantial or essential thing, opposed to form." The word " substance", from which the words " substantial ", and " substantially ", are derived, he defines as " that which is essential; it is used in opposition to form." He defines the phrase " cause of action" thus: " A right to bring an action, which implies that there is some person in existence who can assert, and also a person who can lawfully be sued." Now, let us construe all the sections of the Code referred to together, keeping in view the above definitions of the terms used therein, and deduce the legal conclusion that results therefrom. It seems clearly to be, that " the party really interested " in the money due on a promissory note must prosecute the suit for its recovery; that the word " claims ", in the complaint, is equivalent to an averment that the plaintiff is the party really interested in the recovery of the money, though the complaint shows that the note is

payable to another; that, at least, the promissory note is " a substantial cause of action " against the defendant, and even if the right of the plaintiff to the money due on it is defectively averred, yet, there being a judgment by default, and the defect being "matter" not previously objected to, (taking the meaning of the word " matter " as above defined by Bouvier,) the judgment should not be set aside or reversed by this court; for, there is, as before stated, at least, " a substantial cause of action " as against the defendant, to support the judgment.

If section 2405 reaches only formal defects, what was the use of section 2402 ? If it was intended to cure matters of substance, what matters of that description are cured by it after judgment? In my judgment, it was intended to heal and cure all " *matter* " (in its legal sense) not previously objected to, where there was one " substantial cause of action " alleged. But the case is not reduced to this dilemma. The word " claims ", in this complaint, actually fulfills the other requirement of the law, and asserts the right of the plaintiff to the money due on the note, and thereby shows *a perfect right of action in the plaintiff, against the defendant.*

There is no case among the decisions of this court, in which the legal import of the word " claims ", as used in the forms, has been considered and defined; the question having uniformly been the sufficiency of the forms prescribed by the Code as legal enactments, and not what their terms imported. The codifiers were eminent and " learned in the law ", and they certainly knew what the word "claims" signified in law, and were *not oblivious* of the fundamental rules of the common law as to pleadings; and therefore they used that word in the 4th, 5th, 9th, 14th, and other forms of the Code, in its legal sense, and knew that *it* performed the double office, which no other word did, of an averment of the beneficial interest in, or title to, the subject-matter of the suit, in the plaintiff, and also of a breach of a contract or duty by the defendant, or that the thing sued for " was wrongfully withheld by the defendant ", as above defined.

In the case of *Crimm v. Crawford*, (29 Ala. 623,) the

court say : " The complaint in this case is in pursuance to the form prescribed by the Code. These forms have the force of law." This decided the sufficiency of the complaint in that case ; yet the court go on, without considering or defining the meaning of the word "claims", and say that " by the Code, all averments as to title are dispensed with." Suppose this mere *obiter dictum* to be correct ; still such averments are " dispensed with ", if at all, " *by the Code*", and as much in *this case* as any *other*, under the influence of section 2228. Then, whether this view or mine is correct, the complaint in this case is good, at least, after judgment by default, under section 2405. But, to hold that the Code dispenses with " all averments as to title ", would place the codifiers, as lawyers and legislators, in a very equivocal, if not absurd and ridiculous attitude ; adopting legal forms without meaning or substance, without an averment of title in the plaintiff, or breach of duty by the defendant. *Argumentum ab impossibili valet in lege.*

Now, let us turn our attention to the decisions of this court. In the case of *Blount v. McNeill, (supra,)* the suit was commenced on the 5th February, 1855, founded on three promissory notes, one of which was not due until the 1st March afterwards ; and a judgment was rendered on the 14th April, 1855, for the full amount thereof. This court said, that a defense might have been made in the court below, to a part of the matter embraced in the declaration, but that the declaration contained " a good cause of action" ; and, speaking of the defense to a recovery on the note not due when the suit was commenced, the court say : " Such a defense is not available in this court, when no objection was in any way made in the court below. Code, § 2405."

In the case of *Stewart v. Goode & Ulrick, (supra,)* among the assignments of error were these : " In allowing the assignee of the note to sue in his own name, on an assignment made after the action was brought." "6th, The complaint is insufficient, because it does not allege that the note is ' still unpaid,' as required by the forms of the Code." "7th, The complaint does not show that the plaintiff had any cause of action when the suit was commenced, while

the summons stands as it was when issued, and the plaintiffs therein not changed." And the court, in passing on these, and other similar questions, used this language: "The complaint shows a substantial cause of action, and although the defects *attributed* to it by the appellant might have been available on demurrer, advantage cannot be taken of them in this court, when no objection was in any way taken in the court below." Now, if "the defects attributed" could not avail on appeal, where there is a substantial cause of action, what does the case decide, if it is not that the note sued on was a substantial cause of action, although the right of action was not averred to be in the plaintiff when the suit was brought, and in *fact* was not, and that the judgment by default was irreversible?

In the case of *Mahoney v. O'Leary, (supra,)* the summons having been issued on the day the note became due, the court held that the suit was "prematurely brought;" and cited 2 Porter, 286, and 5 *ib.* 73. In a very terse and able opinion delivered by STONE, J., speaking of the case of *Randolph v. Cook,* (2 Porter, 286,) the court say: "This court, in this case, consulted the writ, and, because its date showed the suit to have been prematurely brought, reversed the case. That case was decided under the statute of 1824, (Clay's Dig. 322, § 53,) which enacts as follows: 'No cause shall be reversed, arrested, or otherwise set aside, after verdict or judgment, for any matter on the face of the pleadings not previously objected to; *provided,* the declaration contains a substantial cause of action, and a material issue be tried thereon.'" As the court, under the practice existing at the time of the decision of the case of *Randolph v. Cook, (supra,)* did look back to the writ, to see if the suit was prematurely brought; *a fortiori,* it was its duty to look at the date and issue of the summons in the case of *Mahoney v. O'Leary,* under the practice then existing, to see if the suit had been prematurely brought.

The court, in the latter case, further say, speaking of the act of 1824: "To bring a case within the healing influence of this statute, the declaration must contain a substantial cause of action, and a material issue must be tried thereon;" and it was held, that the latter element was wanting, and

therefore the act of 1824 did not apply; clearly implying that, if "a material issue had been tried thereon," the declaration and judgment would have been good, though the plaintiff had no right of action against the defendant at the time the suit was brought. The court further say : "It is true the summons in this record bears date March 1; but, under the section of the Code above copied," (2405,) "we have no authority, the complaint being good, to arrest, annul, or set aside the judgment, for *any matter* not previously objected to." This applies to *any matter* on the face of the complaint, as well as matter not so appearing. Now, it is submitted that the court should have looked at the summons, as the court in the case *Randolph v. Cook* looked at the writ, to see whether the suit was prematurely brought, and for a much stronger reason ; and that is, the declaration, under the former practice, was not filed until the return term of the writ, and when the suit of *Mahoney v. O'Leary* was commenced, the Code was in force, and required the complaint to accompany the summons, and both to be served by leaving a copy with defendant, who, of course, would see that the plaintiff had no cause of action against him, and might very naturally conclude that it was unnecessary to defend *such a suit* in a *court of justice.* A strong case.

The cases of *Blount v. McNeill,* and *Stewart v. Goode & Ulrick, (supra,)* are cited as authority in *Mahoney v. O'Leary,* and both of them follow *Randolph v. Cook,* in looking to the writ, or summons, to see if the suit was prematurely brought; and this point should therefore be considered as settled.

The case of *Browder v. Gaston & Wellborn, (supra,)* was decided prior to *Mahoney v. O'Leary,* and seems to me to be clearly in conflict with that case, and with the cases of *Blount v. McNeill, Stewart v. Goode & Ulrick,* and *Crimm's Adm'r v. Crawford, (supra.)* It is true, that the facts in each case are different; but in principle the case of *Browder v. Gaston* is in conflict with the other cases. The case of *Browder v. Gaston,* like that of *Crimm v. Crawford,* does not consider and define the meaning and effect of the word "claims." In the cases of *Randolph v. Cook, Stewart v.*

Douglas et al. v. Beasley.

*Goode*, and *Mahoney v. O'Leary*, the plaintiff had no right of action in himself at the time the suit was commenced, and at that time had no cause of action against the defendant; and in *Browder v. Gaston*, there was a substantial cause of action against the defendant; and I hold that the word "claims" asserts a right of action in the plaintiff. But suppose it does not; still, I hold that there was a substantial cause of action contained in the complaint against the defendant, and that therefore the judgment should not have been set aside, or reversed, under the healing influence of section 2405. If otherwise, what does that section mean, and what field of operation has it, when it applies to "matter" not appearing on the face of the complaint, which should so appear, when there is a substantial cause of action contained in it?

To illustrate: If the words in the second form, on page 551 of the Code, "endorsed to the plaintiff," were omitted, still, after judgment by default on such a complaint, the defect would be healed and cured by section 2405. If not, then I am incapable of comprehending what that section effects, when applied to "matter" not appearing on the complaint, which should so appear to give *a perfect right of action*, in a case where one substantial cause of action, and the most material one, is contained in the complaint, and the "matter" omitted has not been previously objected to. The case of *Mahoney v. O'Leary*, in which there was no existing cause of action in the plaintiff, or against the defendant, at the commencement of the suit, is more obnoxious to principle and a wholesome sense of justice, than the case of *Browder v. Gaston*, where there was a good cause of action set out in the complaint against the defendant; and, if my view of the effect of the word "claims" is correct, the complaint is sufficient, and the judgment valid.

These cases being in conflict *on principle*, an election is left to me to follow the case of *Browder v. Gaston*, or the other cases cited; and, as sound reason, and a proper construction of the Code, fully sustain the sufficiency of the complaint in this case, after judgment without objection, I

10

follow the latter; and am not reduced to the *dilemma* of overruling a case which has been decided for any length of time, without having a later case, which on principle fully sustains my views. But, if I were, then I might be reduced to the extremity of announcing what amount of veneration I have for decisions in which sound reason and principle are ignored or violated. In differing from the learned court in one case, I am sustained by other opinions of this court, which were concurred in unanimously by the court. The judgment by default should be affirmed. This conclusion, resting on authority, reason, and principle, stands on a firm and fixed foundation.

But, on the other hand, if the following sentences, in the opinion of the court delivered by the Chief-Justice, in the case of *Crimm's Adm'r v. Crawford,* (29 Ala. 623,) to-wit: "Now, it is evident from this form that, under the new system of pleading inaugurated by the Code, all averments as to the title are dispensed with, and, indeed, everything like averment is dispensed with. The only requisite to a good complaint is, to state that the plaintiff claims, and what he claims,"—are to be taken as law, or as *res adjudicata,* then the foundation of my conclusion is equally, if not more firm and fixed. The broad declaration is made, that by the "new system of pleading inaugurated by the Code all averments as to the title are dispensed with," and that the *"only requisite to a good complaint is to state that the plaintiff claims, and what he claims."* How this can be reconciled with the doctrine or decision in the case of *Browder v. Gaston,* (30 Ala. 678,) is beyond my comprehension, at least upon reason and principle.