## FOSTER *vs.* HIGHTOWER.

[ACTION ON PROMISSORY NOTE, BY ASSIGNEE AGAINST MAKER.]

1. *Construction of bill of exceptions.*—Where the bill of exceptions, after setting out the evidence and the charge of the court, concludes in the usual form, "and this is signed and sealed as plaintiff's bill of exceptions," this is not sufficient to show that an exception was reserved to the charge of the court.

APPEAL from the Circuit Court of Randolph. Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Joshua Hightower, against Charles Foster; was founded on a promissory note executed by the defendant, payable to one Benjamin Jowers, and endorsed by him to the plaintiff; and was commenced on the 7th January, 1858. There is a bill of exceptions in the record, which states the evidence adduced on the trial, and the charge of the court to the jury; but it does not show that any exception was reserved to the rulings of the court on the trial, except as may be inferred from the concluding words, which immediately follow the charge to the jury—"and this is signed and sealed as plaintiff's bill of exceptions," &c. The appeal is sued out by the defend-

ant, who assigns as error the charge of the court to the jury.

J. FALKNER, for appellant.
J. T. HEFLIN, contra.

BYRD, J.—It does not appear that the defendant excepted to the charge of the court. The words at the conclusion, "and this is signed and sealed as plaintiff's bill of exceptions," are not equivalent to an exception, though we might infer that the word "plaintiff's" is a clerical mistake for "defendant's." On the authority of *Milton v. Rowland*, (11 Ala. 732,) *Mahoney v. O'Leary*, (34 Ala. 97,) and other cases decided by this court, the judgment of the court below is affirmed.