## MALCOLM McDOWELL

### v.

## THE CHICAGO STEEL WORKS ET AL.

*Sale by Corporation of Stock Pledged to Secure Stock Note—Bill to Set Aside—Want of Diligence—Acquiescence—Fraud.*

1. Upon an amended bill to set aside a sale by a corporation of certain stock pledged to secure the payment of a stock note made by the complainant and containing an assignment of the stock with power of sale, it is *held:* That the complainant was not sufficiently diligent in attacking said sale as fraudulent; that his acceptance of a check for the amount claimed by the defendant to be the balance due him and his delay in moving to set aside said sale, sustain the inference of acquiescence; and that the evidence fails to show that said sale was in fact fraudulent.

2. Where a power to sell property pledged, either at public or private sale, contains no provision for notice to the pledgor of the time and place of sale, such notice is waived.

[Opinion filed April 26, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. J. H. RAYMOND, for appellant.

" The pledgee of bonds of municipal or private corporations, payable to bearer or holder, held as security for prom-

issory notes or bills of exchange, has the right, even in the absence of contract, to sell the same in case of default, but only upon reasonable and proper conditions as to notice of the time and manner of sale." Jerome v. Carter, 94 U. S. 734; Hancock v. Franklin Ins. Co., 114 Mass. 155; Duffield v. Miller, 92 Pa. St. 286.

In the case of any negotiable bond, held as security, there must be a reasonable notice of the time and place of the sale, even after demand has been made. Washburn v. Pond, 2 Allen, 474; Fletcher v. Dickinson, 7 Allen, 23; Stearns v. Marsh, 4 Denio, 227.

And where the pledgee was unable to give notice, or make demand on the pledgor, the latter was allowed to elect whether to confirm the sale and claim the benefit of the surplus, or to repudiate the sale and hold the defendants for the bond. Strong v. Merchants Nat. Bank, 45 N. Y. 718.

"The pledgor has a right to be present at the sale, to see that it is conducted in a proper manner, and to advance his own interest by securing greater competition." Alexandria Co. v. Burke, 22 Gratt. 254; Washburn v. Pond, *supra*.

Messrs. STILES & LEWIS, for appellees.

A power to sell at public or private sale, at discretion, is necessarily a waiver of notice to the pledgor. The note secured to McDowell a personal demand for payment, and thirty days after the note became due in which to pay. It was clearly the intent, after the thirty days had expired, that the treasurer might sell at his discretion. Robinson v. Harley, 11 Iowa, 410; Bryson v. Raynor, 25 Md. 424; Miliken v. Dehon, 27 N. Y. 364; Cushman v. Hayes, 46 Ill. 154; Wylder v. Crane, 53 Ill. 490, 493.

Appellant is barred by *laches* from having the sale set aside. Hayward v. National Bank, 96 U. S. 611.

The acceptance by McDowell of the $1,097.22 was a complete discharge of any claim of his against the defendants on account of the stock, and estops him from any further claim.

The plaintiff was bound to accept this money on the terms on which it was offered, or not to accept it at all. If he was

McDowell v. Chicago Steel Works et al.

not willing to take it in settlement he should have returned it. Looby v. West Troy, 24 Hun, 78.

*Per Curiam.* In this case appellant, who was complainant in the court below, could only obtain the relief sought by showing himself entitled to set aside a certain sale of shares of stock of the appellee corporation, which he alleged was made in violation of his rights and not in accordance with the legal requirements. The stock was pledged by appellant to secure the payment of a stock note made by appellant, and delivered to the company pursuant to a resolution of the directors passed at a meeting at which the appellant was present. The stock note was payable whenever demanded by the directors, and contained an assignment of the stock to the treasurer of the company, and an authority to sell the stock to pay the note in case of default in the payment thereof when demanded, " at public or private sale at his discretion after the expiration of thirty days after such default." The stock note was, by a resolution of the Board of Directors, declared to be due and payable, and notice of the resolution and a demand that the note be paid on a day named in the resolution was duly served upon appellant, and after the expiration of thirty days, the stock was sold at public auction for the par value thereof. A notice of the sale was published in a daily newspaper, but no personal notice that the stock would be sold, or of the time or place of sale, was given to appellant, and he alleges that he did not know of the sale of the stock until the filing of the answers in this case. The stock was sold May 22, 1880. The bill was filed in November, 1884. After the sale of the stock and before the end of February, 1883, several letters passed between the appellant and one of the directors, and a check for a sum of money was sent him, as being all that the directors were willing to pay him after deducting certain expenses he had put them to in defending certain suits which he had commenced against them. He kept the check and asked for certain information, which was refused to him, and on February 21, 1883, he requested that his stock note be given up to him, " which I understand has been satisfied by the action of the

Board of Directors." The company refused to give up the note as long as there were unsettled accounts between them. The letters from the company and the director to appellant were not very definite, and contained little information, but it was always in the power of appellant to get all information needed by taking legal means open to him, and while he may not have been informed in terms that a sale of the stock had been made, such facts and circumstances were within his knowledge as were sufficient to put him on notice. We are compelled to the conclusion that no diligence was exhibited by appellant in ascertaining what the company had done about selling his stock, after they had demanded payment of his note and he had failed to make such payment. The evidence discloses facts unnecessary to be detailed here, which should have made him alert to discover whether any sale would be or had been made. But after the sale had been fully disclosed by the answer, appellant waited from December 20, 1884, till April 2, 1886, before amending his bill so as to attack said sale. In the meantime, since the sale of the stock changes had taken place, the capital stock of the company had been increased, and the property of the company had appreciated greatly in value so that the stock would now represent more than four times its face value. Taking and keeping the money that was sent to him as all that was coming to him, and being thus slothful in moving to set aside the sale of his stock, brings against him an inference of acquiescence as well as of delay, and it is the vigilant and not the dormant or sleeping suitor that equity assists in cases of actual or constructive fraud such as appellant alleges. We are very much inclined to doubt, even if appellant had been diligent, that he could have successfully attacked the sale of the stock, as made under the authority to sell, which he executed. It appears to have been frequently decided that an authority to sell property pledged, either at public or private sale, when given in an agreement in which nothing is said as to notice, is a waiver of notice to the pledgor of the time and place of sale. Robinson v. Harley, 11 Iowa, 410; Bryson v. Raynor, 25 Md. 424; Miliken v. Dehon, 27 N. Y. 364.

Powell v. Chicago Ca pet Co.

Upon the whole record in this case after an examination of all the evidence, we are not convinced that any fraud was actually perpetrated upon appellant. It may be that he was treated unkindly and perhaps not altogether fairly, when all the circumstances are considered, but the proceedings of the corporation were legal and were open, and the reports of its business, its progress and the value of its property, as exhibited by the officers to the company from year to year, were open to appellant, and he could have informed himself of their contents, and probably corrected any false statements in them, had he taken the trouble to do so. That the appellee, C. B. Buckingham, was hostile to him and made it unpleasant for him, and was anxious to have him out of the concern, may be true, but we are not shown by the evidence in this record, that the rather indefinite charges of fraud made in the bill aie proven. But if it were otherwise, we think the course of appellant, with reference to the facts as he claims them to be, was such as to preclude him from relief under the rule applicable in a court of equity.

The decree will, therefore, be affirmed.

*Decree affirmed.*