## GEORGE N. LEIGHTON v. JOSEPH H. BURKHAM.

**PLEDGEE WHO PURCHASES COLLATERAL AT HIS OWN SALE IS NOT LIABLE FOR CONVERSION.**
Where one who holds the note of another and also certain mortgage notes deposited with him to secure the payment of the first note, without being authorized to do so, sold these collateral notes at public auction to himself, for a sum sufficient to pay the note held by him, and for a small sum in addition and then sent to the pledgor his original note and the overplus of money, but such pledgor claiming that the sale was invalid, refused to recognize it, but retained his note and the cash sent to him, the pledgor without tendering the amount due on the original note cannot maintain an action as for a conversion of such collateral securities, which the pledgee was ready

and willing to return on payment of the amount actually due to him on the original note. nor the pledgor entitled to recover damages therefor.

Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

The question in this case is, whether the court of common pleas erred in withdrawing the evidence from the jury and in dismissing plaintiff's action.

In passing upon this question, it must be conceded that every fact which the evidence tended to show in support of plaintiff's claim must be held to be fully proved, and therefore that it was shown in the case that the defendant Burkham, without any legal right to do so, before the maturity of the claims which he held against the plaintiff, had offered at public auction the mortgage notes of about $14,000, which he held as collateral security for the payment of notes made to him by defendant for about $12,000, and at such sale, or pretended sale, bought said collateral notes for himself, for much less than their face, or perhaps their real value, and that the amount so bid was sufficient to pay the notes of the plaintiff to the defendant and the costs of such sale, and leave an over-plus of $26.00. That the defendant claiming to be the absolute owner of said collateral notes by virtue of such alleged purchase, sent to the plaintiff his notes of $12,000, as paid and satisfied, and turned over to the agent of plaintiff the $26.00, but that Mr. Leighton denied the validity of the sale, and refused to receive the $26.00 as the balance due him, but only as a credit on the amount which he claimed was due to him from the defendant, by reason of what he had done with the collateral notes. After this the defendant received a payment of $1,500 on these collaterals. If, on this state of fact, the plaintiff was entitled to consider what was done by Burkham as a conversion of these collateral notes to his own use (the conversion being conceded for the purposes of this case as wrongful), it is clear that the action of the trial court complained of was erroneous. The simple question then is, whether as a matter of law what was done by Burkham amounted to a conversion of these collateral notes.

While there may be some conflict on the subject, we think the great weight of authority is that such sale being invalid, and the pledgee being the purchaser at the sale, and retaining the possession of such property, and having the power to return it to the pledgor, (as was shown to be the case here, and that he was ready and willing to do so, on payment of the balance due, and in the same condition), that this does not amount to a conversion by the pledgee, but that the parties occupy towards each other precisely the same relation as before the invalid sale, unless the pledgee elects to treat it as a valid sale, which he has a right to do, in which event the settlement would be made upon the basis of such sale, so ratified. But if the sale is not so ratified, then the pledgee continues to hold the collateral as security for his debt, and is entitled to do so until the debt is paid, or payment thereof is tendered, so as to entitle the pledgor to its return.

Such seems to be the clear doctrine of the following cases: 8 Iowa, 277; 25 Md., 424; 45 Mass., 325; 52 N. Y., 232; 72 Ill., 428.

And it seems to us that the doctrine is a reasonable and just one, and that in a case like the one at bar no injury could result from its adoption. At the election of the plaintiff the sale was a nullity, and the defendant got no title to the collateral by it, and his claim that he had, in no wise prejudiced the plaintiff so far as appears. The return of the notes of $12,000 given by plaintiff to defendant did not injure him, nor was the receipt of the $1,500 prejudicial, for the amount so paid operated as a credit on the debt to defendant.

We think, therefore, that there was no conversion of these collaterals by the defendant, and the plaintiff not having paid or offered to pay the debt for which they were pledged, that the court of common pleas did not err in withdrawing the evidence from the jury, or in dismissing the case.

Goss & Cohen and Wm. B. Burnet, for plaintiff in error.

Maxwell & Creed and John Johnston, for defendant in error.