# Kyle v. Caravello.

## *Action of Trover.*

1. *Defects in complaint waived when not demurred to; not available on appeal.*—Where a complaint is not drawn formally, but the defendant appears, and without demurrer or other objection to the sufficiency of the complaint, pleads thereto and afterwards suffers a judgment *nil dicit*, the judgment can not, on appeal, be assailed because of the defects of the complaint, if it contains a substantial cause of action.

2. *Complaint in action of trover; when contains a cause of action, though not conforming to Code form.*—A complaint which avers that "The plaintiff claims of defendant $200 due, for that * * he pledged to defendant a gold watch and chain, of the value of $200, for a loan of $30, and defendant, disregarding his agreement with plaintiff, refuses to deliver said watch and chain to plaintiff, though plaintiff has tendered the amount, $30, with interest, obtained from defendant, and demanded said watch and chain," though not conforming to the Code form, contains a substantial cause of action in trover; since a valid tender to a pledgee extinguishes the lien, and the refusal of the pledgee to return the thing pledged constitutes a conversion entitling the pledgor to maintain trover therefor.

3. *Judgment in action of trover should be for damages simply; when amendable on appeal.*—In an action of trover, the judgment should not be for the recovery of the chattel *in specie*, but for the recovery of damages simply; and a judgment "that the plaintiff have and recover of the said defendant," the property alleged to have been converted, "or its alternate value," though informal, may under the provisions of the statute, (Code, § 2836), be corrected by the supreme court on appeal, if there is sufficient matter apparent on the record to amend by.

4. *Judgment in action of trover; measure of damages.*—Where in an action of trover by a pledgor against a pledgee for the alleged conversion of the property pledged, the complaint avers, and the proof shows, that the money loaned was only tendered, not paid, the amount loaned should be deducted from the ascertained value of the property pledged, and judgment rendered for the balance only.

5. *Trial by court without jury; judgment corrected on appeal.*—Where, in an action of trover by a pledgor against a pledgee, for the alleged

[Kyle v. Caravello.]

conversion of the property pledged, the complaint alleges and the proof shows that the money loaned was only tendered, not paid, and the court, hearing the cause without the intervention of a jury, renders judgment for the full value of the property pledged, on an appeal taken from a judgment refusing a new trial, the supreme court can, under the authority of the act approved February 28, 1889 (Acts 1888-89, p. 797), render judgment for the correct amount, as of the day of the judgment in the trial court.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This suit was brought by the appellee, Ralph Caravello, against J. C. Kyle, the appellant, and was commenced on October 2, 1891. The complaint contained but one count, which was in the following language : "The plaintiff claims of the defendant two hundred dollars, due, for that heretofore, to-wit, 1889, he pledged to defendant one gold watch and chain of the value of two hundred dollars for a loan of thirty ($30) dollars, and defendant, disregarding his agreement with plaintiff, refuses to deliver said watch and chain to plaintiff, though plaintiff has tendered the amount ($30), with interest thereon, obtained from defendant, and demanded said watch and chain before bringing this, his suit."

The defendant filed a plea of the general issue. On the day set for the trial the defendant said nothing in bar of plaintiff's recovery ; and a judgment *nil dicit* was rendered for plaintiff. The judgment entry was in the following language : "This day came the plaintiff by his attorney, and the defendant saying nothing in bar or preclusion as to plaintiff's right of recovery, it is, therefore, considered by the court that the plaintiff ought to recover, but not being advised as to the just amount of damages sustained, the court proceeds to hear the evidence, without the intervention of a jury, according to law, and after hearing the same assesses the plaintiff's damages for the property sued for viz., one gold watch and chain, alternate value assessed at two hundred dollars. It is, therefore, considered by the court that the plaintiff have and recover of the said defendant the said property sued for, viz., one gold watch and chain, or its alternate value of two hundred dollars, together with all the costs in this behalf expended for which execution may issue." Within 30 days after the judgment was rendered the defendant moved the court to set aside the same,

and to grant him a new trial, among others, upon the following grounds : 4th. Because the damages awarded on the trial are grossly in excess of damages plaintiff is entitled to recover, should he be successful in establishing his cause of action ; and, 5th, because the judgment of the court is contrary to law. In support of this motion the defendant filed two affidavits. One of these affidavits was made by the defendant himself, and was to the effect that he had a good defense to the action, but that through a mistake his attorney was not present, and further that the watch and chain sued for were not worth over one hundred dollars. The other affidavit was that the watch and chain were not worth over one hundred dollars. This motion was overruled, and the defendant duly excepted.

The present appeal is prosecuted by the defendant, who assigns as error the judgment rendered in the cause, and the overruling of his motion for a new trial.

GARRETT & UNDERWOOD, for appellant.—1. The judgment rendered is not supported by the complaint.—*Lanford v. Patton*, 44 Ala. 584; *Silvey v. Neary*, 59 Cal. 97; *Rosenkranz v. Wagner*, 62 Cal. 151; *Ashbrook v. Roberts*, 82 Ky. 298; *Flores v. Smith*, 66 Texas 115; *Wisconsin Co. v. Plumer*, 49 Wis. 666; *State v. Shinn*, 42 N. J. L. 138; *Throckmorton v. Davenport*, 55 Texas 236; *Chase v. D' Vries*, 41 Cal. 253.

2. The judgment is excessive, and a new trial should have been granted on that ground.—*White v. Green*, 3 Mon. (Ky.) 155; *Wyman v. Erickson*, 35 Minn. 202; *Houston v. Morrison*, 10 Tex. 1; *Ellsworth v. Central R. R. Co.*, 34 N. J. L. 93.

3. The alternate value of the watch and of the chain should have been assessed separately and not in bulk.—*Savage v. Russell & Co.*, 84 Ala. 103; *Averett v. Milner*, 75 Ala. 505; *Jones v. Anderson*, 76 Ala. 432; *Cummings v. Tindall*, 4 Stew. & Por. 357.

4. The complaint will not support a judgment by default when it does not state a substantial cause of action. *Winnemore v. Mathews*, 45 Ala. 449.

SUMTER LEA, *contra.*

BRICKELL, C. J.—1. The Code prescribes the form

[Kyle v. Caravello.]

of a complaint in an action for the conversion of chattels, intended to be a substitute for the declaration in the common law action of trover. When employed, the action in practice is denominated trover, and is governed by the rules applicable at common law to that action. The forms of pleading appended to the Code, have the force of law; and it is declared that any pleading conforming to these forms, substantially, is sufficient.— Code, § 2265; *Crimm v. Crawford*, 29 Ala. 623. If it be true, that the complaint is not drawn formally, and is subject to demurrer, the defects are not now available. The defendant appeared, and without demurrer or other objection to the sufficiency of the complaint, pleaded the general issue; thereafter submitting to a judgment *nil dicit*. The judgment cannot, on error, be assailed because of the defects of the complaint, if it contains a substantial cause of action.—Code, § 2835; *Stewart v. Goode*, 29 Ala. 476; *Blount v. McNeill*, Ib. 473; *Mahoney v. O'Leary*, 34 Ala. 97. It avers that the plaintiff, to secure the payment of a loan of thirty dollars, pledged to the defendant a gold watch and chain of the value of two hundred dollars, a tender of repayment of the money loaned, a demand of the return of the watch and chain, and the refusal of the defendant to accept the tender, and return the watch and chain. However informally pleaded, these averments show a substantial cause of action. A valid tender to a pledgee extinguishes the lien, and the refusal of the pledgee to return the thing pledged is a conversion, entitling the pledgor to enforce redemption by an action of trover.—Jones on Pledges, § 561; *Lawrence v. Maxwell*, 53 N.Y. 19; *Bryson v. Rayner*, 25 Md. 424; s. c. 90 Amer. Dec. 69; *Loughborough v. McNevin*, 74 Cal. 250; s. c. 5 Amer. St. Rep. 435.

2. The judgment *nil dicit* is informal; it has the form, in some respects, of a judgment in an action for the recovery of chattels *in specie*. But it must be referred to the complaint, and so referring it, the error of form is cured by the statute of amendments.—1 Brick. Dig., 776, § 41. The judgment should have been for the recovery of damages simply, and not for the recovery of the watch, or its alternate value. The informality is capable of correction in this court.—Code, § 2836.

3. The judgment rendered by the court below ex-

ceeded the sum the plaintiff was entitled to recover. The money loaned, having been tendered only, not paid, and the fact appearing from the face of the complaint, it should have been deducted from the value of the watch and chain, and judgment rendered for the remainder only. The error could be corrected only by a motion for a new trial.—*Government St. R. R. Co. v. Hanlon*, 53 Ala. 70. Prior to the statute of February 16, 1891, the grant or refusal of a new trial rested in the sound discretion of the primary court, and was not revisable on error. The statute authorizes an appeal from the grant or refusal of a new trial, and declares that "the supreme court shall have power to grant new trials or to correct any errors of the circuit or city court in granting the same.— Pamph. Acts of 1890-91, p. 779. This cause was tried in the court below without the intervention of a jury, pursuant to the act of February 28, 1889, (Pamph. Acts 1888-89, p. 797), regulating the practice and proceedings in the circuit court of Jefferson county, which declares, that in such cases, on appeal, this court may render such judgment as the court below should have rendered, or may reverse and remand the same, as may seem right. Pursuing the spirit and policy of these statutes, the judgment of the circuit court will be here reversed, and rendered for one hundred and seventy dollars damages, as of the day of the judgment in the circuit court, and the costs of suit in that court; and the appellee will pay the costs of appeal in this court and in the court below.

Reversed and rendered.